**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| DOLLIE TRUESDALE | * | |
| | * | Civil Action No. CCB-20-0136 |
| v. | * | |
| | * | |
| ISABEL MERCEDES CUMMING, *et al.* | * | |
| | *** | |

**MEMORANDUM**

The plaintiff Dollie Truesdale brings this suit alleging claims under the Fair Housing Act of 1968 and the Civil Rights Act of 1964 against Baltimore City Inspector General Isabel Mercedes Cumming, former Baltimore City Solicitor Andre Davis,[1] and Kevin Logan, a special agent in the Baltimore City Inspector General's Office. Now pending before the court is the defendants' motion to dismiss (ECF 11), which argues that the complaint fails to state a claim entitling Truesdale to relief. For the reasons explained herein, the action will be dismissed for lack of standing and the motion will be denied as moot.

**BACKGROUND**

This *pro se* complaint challenges Baltimore City's practice of placing liens on homes with unpaid water bills. (ECF 1, Compl. at 6). Truesdale alleges that she is being discriminated against because residents of Baltimore County who owe the exact same amount in water and sewer fees as she does will not have their homes sold. (*Id.*). She pleads that this "would not and did not happen to Baltimore County." (*Id.*). And she seeks as relief the restoration of her properties, or in the alternative $20 million in damages. (*Id.* at 7). She names as defendants only officials at the Inspector General's office and the City Solicitor's office, and not the Mayor, the City Council, or any officials at the Department of Public Works. She alleges that she asked the Inspector General's

---

[1] Mr. Davis was terminated from the case on August 31, 2020.

1

office to investigate why certain properties entrusted to her received "outrageous" water bills with "excessive penalties" and which apparently were subsequently sold to discharge the liens, and she contends that both the Inspector General's Office and the City Solicitor failed to conduct any investigation. (*Id.* at 6; *see also* ECF 15-1, Opp'n at 2). She does not seek an order requiring the defendants to conduct any investigations.

## LEGAL STANDARD

To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."[2] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Although courts "must view the facts alleged in the light most favorable to the plaintiff," they "will not accept 'legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments'" in deciding whether a case should survive a motion to

---

[2] Truesdale filed this complaint in forma pauperis (ECF 2, 3) pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

dismiss. *U.S. ex rel. Nathan v. Takeda Pharm. North Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013) (quoting *Wag More Dogs, LLC v. Cozart,* 680 F.3d 359, 365 (4th Cir. 2012)).

## DISCUSSION

Federal courts are courts of limited jurisdiction empowered by the Constitution only to hear certain cases and controversies. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1546–47 (2016). The court has "an independent obligation to assure that standing exists, regardless of whether it is challenged by any of the parties." *Summers v. Earth Island Inst.*, 555 U.S. 488, 499 (2009). To have standing to assert a claim in federal court, a plaintiff must demonstrate (1) an injury in fact that is actual and imminent rather than conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of, such that the injury is fairly traceable to the defendant's actions; and (3) a likelihood that the injury will be redressed by a favorable decision. *See Spokeo*, 136 S. Ct. at 1547–48 (2016).

In this case, the defendants argue they are not responsible for the tortious conduct that Truesdale alleges. They frame this as a Rule 12(b)(6) motion for dismissal for failure to state a claim. (ECF 11-1, Mem. in Supp. of Mot. to Dismiss at 2). But the substance of their argument does more to undermine the causal connection between their own conduct and the injuries Truesdale alleges: her allegedly excessive water bills and the subsequent sale of her properties. There is no indication that Cummings, Davis, or Logan caused these injuries. Rather, Truesdale asked these officials to use their discretionary powers to investigate the water billing and property sales practices of the City of Baltimore, and they allegedly declined to do so. Truesdale makes no allegation—nor would one be plausible if offered—that these officials were responsible either for the installation or reading of water meters or for the sale of delinquent properties. *See* Md. Code Ann., Tax-Prop. § 14-849.1 (setting conditions under which the Mayor and City Council may or

may not sell a property to enforce a lien for unpaid charges for water and sewer service). In other words, the conduct Truesdale contests is not fairly traceable to the actions of the named defendants.[3] She therefore lacks standing to invoke this court's subject matter jurisdiction. Accordingly, the court will construe the defendants' motion as an argument for dismissal under Rule 12(b)(1), dismiss Truesdale's complaint for lack of standing, and grant the defendants' motion.[4]

## CONCLUSION

For the reasons stated herein, the court will dismiss the action and grant the motion to dismiss (ECF 11). A separate Order follows.

August 31, 2021  /s/
Date   Catherine C. Blake
       United States District Judge

---

[3] Nor are there any allegations supporting an inference that her injury is redressable by these defendants.

[4] In the alternative, the court grants the defendants' motion under Rule 12(b)(6), dismissing Truesdale's complaint on the merits. To survive a motion to dismiss, a complaint must state a claim to relief that is facially plausible, meaning it contains factual allegations sufficient to allow the court to reasonably infer that the defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 552, 678 (2009). Truesdale has failed to provide even a minimal factual basis for her claim that the defendants are responsible for installing or reading water meters, for placing liens on properties due to non-payment of water bills, for selling those properties, for creating laws or regulations relevant to the Baltimore City Department of Taxation and Lien's practices regarding unpaid water bills, or for using their discretionary powers to investigate her properties. Absent facts plausibly suggesting an entitlement to relief, the court grants the defendants' motion to dismiss Truesdale's complaint for failure to state a claim.